UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ELUGGUA OSUN ELUFE,

               Plaintiff,                    **MEMORANDUM AND ORDER**
                                                              10-CV-5311 (KAM)

           -against-

MAURICE LYONS; MARGIE ET AL.,

               Defendants.
------------------------------------------------------------------x

MATSUMOTO, United States District Judge:

       Plaintiff Eluggua Osun Elufe, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismisses the complaint for the reasons stated below.

## BACKGROUND

       As pleaded in a previously dismissed action, *Elufe v. Maurice Lyons, et al.*, 10-CV-2638, plaintiff again alleges that defendants owned and/or operated a residential establishment at 81 Blake Avenue in Brooklyn, New York. Plaintiff alleges that the defendants violated his "state and federal constitution by subjecting [him] to live under unhygienic conditions, being double bunked, being bit by bed bugs . . . ." (ECF No. 1, Compl., at 4, ¶ IV). Moreover, plaintiff alleges that defendants committed "malicious mischief by stealing $15,000 . . . [of] my property when [he] got arrested." (*Id.*) Plaintiff alleges physical and psychological injuries and seeks $15,000 in damages for his stolen property and $1,000,000 in compensatory and punitive damages. (*Id.* at ¶¶ IV-V.)

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion of the complaint if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### Res Judicata

Initially, this Court notes that the facts of the instant complaint are nearly identical to a recent complaint that plaintiff filed. *See Elufe v. Lyons et al.*, 10-CV-2638 (KAM). That action was dismissed by order dated June 18, 2010, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

Under the doctrine of res judicata, or claim preclusion, "[a] claim bought in a subsequent proceeding is barred . . . if (i) the prior action involved an adjudication on the merits, (ii) the prior action involved the same parties or their privies and (iii) the claims asserted in the

---

[1] The court is troubled by plaintiff's incorrect representation in the instant complaint in which he indicated "No," in response to the question, "Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?"

subsequent action were (or could have been) raised in the prior action." *Bronx Household of Faith v. Bd. of Educ.*, 331 F.3d 342, 362 (2d Cir. 2003); *see also Esquire Trade & Finance, Inc. v. CBQ, Inc.,* 562 F.3d 516, 520 (2d Cir. 2009). A claim "could have been raised in [the] prior action" if it "concern[s] the transaction, or series of connected transactions, out of which the [first] action arose." *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002).

Plaintiff's instant complaint raises similar claims as in his prior complaint, and thus is barred by the doctrine of res judicata because each claim asserted here was, or could have been raised in his prior complaint. *Modular Devices, Inc. v. Alcatel Alenia Space Espana*, No. 08 CV 1441, 2009 WL 749907, at *2 (E.D.N.Y. Mar 16, 2009).

**Section 1983**

Even if the complaint was not barred under the doctrine of res judicata, the complaint would still fail. A claim for relief under § 1983 must allege "the deprivation of a right secured by the Constitution or laws of the United States . . . which has taken place under color of state law." *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Assn.*, 531 U.S. 288, 305-06 (2001); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). In this case, the only defendants named in the complaint are private individuals, Maurice Lyons and Margie, whose conduct cannot be fairly attributed to the state. *See Sclafani v. Spitzer*, No. 08-CV-3654, 2010 WL 3386022, at *7 (E.D.N.Y. Aug. 27, 2010). Accordingly, all claims against Maurice Lyons and Margie are dismissed.

**CONCLUSION**

For the reasons stated above, plaintiff's complaint is dismissed based on the doctrine of res judicata and for failure to state a claim on which relief may be granted. 28 U.S.C.

§ 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.
November 30, 2010

                                                                                   /s/
                                                    KIYO A. MATSUMOTO
                                                    United States District Judge